JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 15-1202-DOC (DTBx)                              Date: July 15, 2015

Title: FEDERAL NATIONAL MORTGAGE ASSOCIATION V. EDGAR A. MONGE, JR.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:
              None Present                                         None Present

**PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR REMAND OF ACTION TO SUPERIOR COURT [8]**

Before the Court is Plaintiff's Ex Parte Application for Remand of Action to Superior Court ("App.") (Dkt. 8). The Court finds this matter suitable for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Having considered the Application, the Court hereby GRANTS the Application.

**I.   Background**

On March 23, 2015, Plaintiff Federal National Mortgage Association ("Plaintiff") commenced an action in Superior Court against Defendants Edgar A. Monge Jr. and Gina Regan Monge ("Defendants") for unlawful detainer. See Complaint ("Compl.") (Dkt. 1) Ex. A. On February 19, 2015, Plaintiff acquired real property located at 1691 East Brockton Avenue, Redlands, CA 92374 ("Property") at a foreclosure sale. *Id.* ¶ 5. On March 17, 2015, Plaintiff served Defendants a written notice to quit and deliver possession of Property pursuant to California Code of Civil Procedure § 1161(a). *Id.* ¶ 6. Plaintiffs assert that Defendants have failed to and refused to deliver possession of the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 15-1202-DOC (DTBx)                                       Date: July 15, 2015

Page 2

Property and have unlawfully remained in possession of the Property. *Id.* ¶ 7. On or about April 1, 2015, Defendants were served with the summons and complaint. App. ¶ 4.

On June 19, 2015, Defendants filed a Notice of Removal to remove the present action based on federal question jurisdiction (Dkt. 1). Defendants assert that Plaintiff's claim implicates the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"), 12 U.S.C. § 5201, which provides a 90-day notice period prior to the filing of any state eviction proceedings, and that Plaintiff had failed to abide by this timeline prior to filing its claim. *Id.* ¶ 7.

On July, 7, 2015, Plaintiff filed the present Application to remand the action to state court. Plaintiff argues that Defendants' removal was untimely as it was filed 79 days after they received the summons and, because its claim does not state a federal cause of action, there is no proper ground for removal. App. ¶ 12.

## II.     Legal Standard

Removal of a case from state to federal court is governed by 28 U.S.C. § 1441, which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." The removing defendant must file a notice of removal in the appropriate United States District Court, together with all process, pleadings, and orders served upon the defendant. 28 U.S.C. § 1446(a). Notice of removal must be filed within 30 days of receiving a copy of the original complaint, or "within 30 days after the service of summons upon the defendant, if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b). Remand may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c).

To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheet*, 313 U.S. 100, 108–09 (1941)). If there is any doubt as to the right of removal in the first instance, remand must be ordered. *See Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). "The party seeking removal bears the burden of establishing federal jurisdiction." *Id.*; *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 15-1202-DOC (DTBx) Date: July 15, 2015

Page 3

A court has federal question jurisdiction over a case or controversy when a well-pled complaint establishes either that: (1) federal law creates the cause of action; or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. 28 U.S.C. § 1331; *Federal Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). The presence or absence of federal question jurisdiction is governed by the well-pled complaint rule, which provides that federal question jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pled complaint. *Wayne v. DHL Worldwide Express,* 294 F.3d 1179, 1183 (9th Cir. 2002). The existence of a defense based on federal law is insufficient to support jurisdiction, even if both parties agree that the federal defense is the only question truly at issue. *Id.*; *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The mere presence of a federal issue in a state law cause of action is not sufficient in and of itself to confer federal question jurisdiction. *See Merrell Dow*, 478 U.S. at 810-12.

## III. Discussion

As Plaintiff asserts, Defendants filed their notice of removal far beyond the 30-days as provided under § 1446(b). App. ¶ 7. Defendants were served with a copy of the summons and complaint for unlawful detainer on or about April 1, 2015, *Id.* ¶ 4, and did not file their notice of removal until 79 days later, on June 19, 2015. Accordingly, the Court finds that Defendants' notice for removal was untimely.

Plaintiff also asserts that Defendants had no grounds to remove a case where the original complaint did not implicate a federal question. *Id.* ¶ 12. Unlawful detainer is a state issue; Plaintiff's complaint was based on California law, and does not present a federal question. Defendants cannot raise a federal law defense to a purely state-law claim as a basis for removal. *See Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005). Additionally, other courts within this district have held that the PFTA cannot serve as a basis for federal removal jurisdiction. *See US Bank Nat. Ass'n v. Jenkins*, No. 5:11-CV-01762-JHN-SP 2012 WL 242858 at *2 (C.D. Cal. Jan. 25, 2012); *Parkland Securities, Inc. v. Carey*, 2012 WL 159621 at *2 (E.D. Cal. Jan. 18, 2012); *Wescom Credit Union v. Dudley*, 2010 WL 4916578 at *3 (C.D. Cal. Nov. 22, 2010). Thus, Defendants have no basis for removing Plaintiff's state-law claim to federal court.

## IV. Disposition

For the reasons stated above, the Application is GRANTED. The present action shall be REMANDED to the San Bernardino Superior Court.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 15-1202-DOC (DTBx)                                             Date: July 15, 2015

                                                                                          Page 4

    The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                Initials of Deputy Clerk: djg
CIVIL-GEN